#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:11-CR-172- |
| § | SDJ-KPJ |
| SCOTT JEFFREY ROBERTS (1) § | |

#### REPORT AND RECOMMENDATION
#### OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Scott Jeffrey Roberts's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on July 21, 2022, to determine whether Defendant violated his supervised release.[1] Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Will Tatum.

Defendant was sentenced on July 10, 2012, before The Honorable U.S. District Judge Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years imprisonment. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. He was subsequently sentenced to 46 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse testing and treatment; earn a GED; and a $100 special assessment. On November 11, 2015, he

---

[1] On June 21, 2022, the Court held a first final hearing on revocation of Defendant's supervised release [Dkt. 54]. At that time, the District Court had not yet adopted the competency findings of the magistrate judge. After the District Court adopted the magistrate judge's findings regarding competency [Dkt. 61], on July 21, 2022, the Court reconvened and held a second hearing on the revocation of Defendant's supervised release.

completed his period of imprisonment and began service of the supervision term. On June 13, 2019, the Court signed a *Request for Modifying the Conditions or Term of Supervision with Consent of the Offender* to include mental health treatment. This case was transferred to The Honorable U.S. District Judge Sean D. Jordan on December 10, 2021.

On December 10, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 40, Sealed]. The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state or local crime; and (2) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons [Dkt. 40 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On December 7, 2021, a warrant of arrest and detention was signed in Cooke County, Texas for Defendant due to probable cause existing he committed the Class B misdemeanor offense of Terroristic Threat. According to the affidavit for the warrant noted above, Cooke County Sheriff's Office (CCSO) deputies were dispatched to a disturbance between neighbors and Defendant on November 23, 2021. The complainants alleged threats of physical and gun violence by Defendant. They advised they were outside their residence when they were approached by a neighbor. They were unable to see what he was holding in his hand because it was dark, and he was pointing a strobing light and laser at them. The complainants inferred it could have been a gun. They identified the neighbor as Defendant. They told officers that Defendant told them "I'm going to bend you over and f*&& you in the ass." He also told them he would "shoot you both in the f****** head." They denied having done anything to provoke him. However, they do have a history of confrontation between one another, and Defendant has a history of shooting at people. The complainants advised they

were in fear of their lives because of his words and mental health issues. Officers attempted to contact Defendant by knocking on his door, but he would not open the door. However, he did contact the CCSO and asked to speak with an officer. The dispatcher advised him an officer was at the door to speak with him, but Defendant replied he did not trust the police without his lawyer present. However, he would speak with a detective. The officers left the residence. On December 6, 2021, the criminal investigations detective called Defendant and after three attempts, he spoke with him briefly about the incident. Defendant denied the allegations and stated the complainant, along with the "Clarence Gang," were shooting high-powered radio waves through his residence. He also said he had officers from Fort Worth Police Department watching his home for protection purposes and stated he was friends with the Lt. Commander there. He also talked about a skunk he placed in a live trap and placed it next to the fence separating his property from the complainant's. He said he had the skunk euthanized and would bury it the next day. He also agreed to go to the CCSO to give a statement regarding the alleged threats. However, he called back about half an hour later and said he had spoken with his attorney and was advised not to talk to him. The warrant for arrest remains outstanding as of this writing and this matter remains pending in Cooke County, Texas; and (2) Defendant has been unemployed since the inception of supervision. In May 2019, he stated his goal was to secure employment upon obtaining reliable transportation and indicated his car would be available within one month. Two months later he advised he was waiting on obtaining his driver's license. On July 24, 2019, he reported he had a license and a vehicle. During the month of September 2019, he mentioned wanting to get a pilot's license, was actively searching for employment, and would possibly apply for employment at Kroger. Defendant was reminded of the agreement to obtain employment upon getting his license and vehicle. He agreed to obtain employment by the end of the following month. During the

month of November 2019, he reported he was unemployed due to "housework."  During a phone call on March 3, 2020, he reported he was "scouting" for work.  During this same month, he was instructed to start going to the Texas Workforce Solutions (TWS) for employment assistance.  During the month of April 2020, Defendant reported TWS was giving him problems because the only available jobs were for laborers or janitors, and he was looking for a supervisor position.  On April 21, 2020, the U.S. Probation Office sent him an email asking him about possible options to help him gain a supervisor job.  He wrote back, "The options are, I am going to decide what I think is right for me, thank you."  During the month of August 2020, he reported he had not engaged in job searching much as COVID-19 hindered his efforts.  During the month of November 2020, he stated he wanted to resume job searching once the COVID-19 numbers decreased.  During the month of January 2021, he was given information for TWS-Vocational Rehabilitation Services to assist him with employment and/or applying for disability.  As of this writing, he remains unemployed [Dkt. 40 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 2 of the Petition.  The Government dismissed allegation 1 of the Petition.  Having considered the Petition and the plea of true to allegation 2, the Court finds that Defendant did violate his conditions of supervised release.  Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 63, 64].

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court that Defendant be sentenced to time served, with no term of supervised release to follow.

**SIGNED this 21st day of July, 2022.**

REPORT AND RECOMMENDATION – Page 4

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE